Troy, J.
Background
The defendant has brought a motion to dismiss plaintiffs complaint pursuant to G.L.c. 231, 59H, commonly known as the “Anti-SLAPP Statute.” The Court draws the following facts and inferences from the pleadings and the affidavits submitted by the parties. On December 13, 2000, the defendant and moving party in this motion to dismiss, International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators (“Local 182”) filed charges with the National Labor Relations Board (“NLRB”) alleging unfair labor practices against Loews Cineplex Entertainment (“LCE”). This claim was settled by the parties on January 22, 2001. A second unfair labor practice charge was filed with the NLRB by Local 182 against LCE on February 2, 2001. A corresponding complaint was issued by the NLRB on May 31, 2001, alleging specific instances in which LCE had discriminated against workers on the basis of union membership, engaged in concerted activities to discourage employees from engaging in union activities, and failed to bargain collectively in violation of the National Labor Relations Act. The parties signed a negotiated settlement agreement in response to this second charge on August 6, 2001.
On March 20, 2002, LCE filed in Superior Court a complaint alleging that Local 182 had published with actual malice the defamatoiy statements set forth below. LCE stated in its complaint that on November 30, 2001, and on occasions thereafter, members of Local 182 distributed to patrons outside LCE theaters, copies of a handbill entitled “Loews Execs Seek Huge Bonuses While Trying to Cut Jobs For Local Union Projectionists.” The handbill also included the statement: “Loews, including executive Paul Wherle [sic] . . . was recently charged with numerous unfair labor practices.” LCE also cited two incidents on January 27th and 30th, 2002, in which members of Local 182 distributed and posted inside and outside LCE-owned theaters, copies of a handbill that bore Local 182’s insignia and website address and contained the statement “Loews was recently charged by the federal government with 21 counts of unfair labor practices.” LCE further claimed that on January 29, 2002, outside the Boston Common Theater, members of Local 182 distributed to employees of the theater copies of a handbill that contained the phrase: “Wasn’t Loews found guilty of 21 Unfair Labor Practices against the union for discrimination at the Danvers theater?”
Also included in LCE’s complaint were the claims that on December 7, 2001, Local 182 caused to be published in the Boston Herald newspaper the statement, “[T]he National Labor Relations Board ... issued 21 unfair labor practice citations,” against LCE, and that on December 13, 2001, Local 182 caused to be published in the Boston Phoenix newspaper the statement, “[T]he NLRB subsequently found that *331 Loews has committed 21 separate violations of federal labor laws.” Both articles cited Local 182 members as sources. LCE also claimed that after the complaint was issued by the NLRB, Local 182 maintained a website accessible to the public, the address of which was included in the above described handbills, that contained the statement, “Loews has already been charged with 21 counts of unfair labor practices.” The website also contained an electronic copy of the handbills distributed January 27th.and 30th, 2002 and “hyper-links” by which users could access both of the aforementioned news articles.
Local 182 has responded to LCE’s defamation claim with a special motion to dismiss pursuant to G.L.c. 231, 59H. This Court now considers the merits of this motion.
Discussion
G.L.c. 231, 59H allows a party to bring a special motion to dismiss when it asserts that a civil claim, counterclaim, or cross claim brought against it is based on that party’s “exercise of its rights of petition under the Constitution of the United States or the Commonwealth.” In order for this court to grant a special motion to dismiss pursuant to G.L.c. 231, 59H, the movant must make two initial showings, as set forth in Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156 (1998). The language of the statute requires only that the moving party demonstrate that the claim brought against it is “based on” that party’s exercise of its right of petition. However, the Supreme Judicial Court in Duracraft interpreted the statutory term “based on” to exclude motions brought against meritorious claims with a substantial basis other than or in addition to the petitioning activities involved. Duracraft Corp., 427 Mass. at 167-68. Therefore, in order for its motion to be granted, the moving party must show both that: 1) the activities on which the claims against it are based are “petitioning activity” within the meaning of the statute; and 2) that the claims against it have no substantial basis other than or in addition to the petitioning activities. Id.
Once the moving party makes this dual showing, the burden shifts to the non-moving party to show both: 1) that the movant’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law; and 2) that the movant’s acts caused actual injury to the non-moving party. G.L.c. 231, 59H. The court must consider, in its review of each of the required showings, the pleadings and supporting and opposing affidavits stating the facts upon which the liability is based. Id
Using the above analysis, LCE will suffer dismissal of its claims under the statute if Local 182 demonstrates that the defamation claims brought by LCE are based on Local 182’s “petitioning activity” within the meaning of G.L.c. 231, 59H. Petitioning activity, as defined by the statute, includes:
Any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other government proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other government proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body, or any other government proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.
G.L.c. 231, 59H. LCE’s complaint details multiple statements that it claims are defamatory and serve as the basis of its suit. None of these statements by Local 182 fall within the statutory definition of petitioning activity.[1]
The two charges brought by Local 182 against LCE alleging unfair labor practices were settled by the parties on January 22, 2001, and August 6, 2001, respectively. All of the statements on which LCE’s defamation claim are based were made by Local 182 after its claims against LCE had already been settled. The statements made by Local 182 were descriptions, albeit inaccurate descriptions, of the complaint issued by the NLRB pursuant to the second unfair labor charge against LCE.[2] At the time the statements in question were made by Local 182, a negotiated settlement agreement for this second charge had already been signed by the parties, and the NLRB had ceased consideration of the issue. Therefore, Local 182’s statements did not include “any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other government proceeding.”
Also, the statements on which LCE bases its defamation suit were made only to private individuals and were never submitted to any body of government. Therefore, the statements clearly did not include “any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other government proceeding.” The facts of the instant case are distinctly different than those set forth in Baker, and Donovan, two cases on which Local 182 relies. In Baker, the defendant’s statements qualified as “petitioning activity” because they were made in response to a request for information from the United States Army Corps of Engineers. Baker v. Parsons, 434 Mass. 543, 545 (2001). In Donovan, the defendant’s petitioning activity involved statements regarding potential environmental and nuisance violations by the plaintiff which were made to various public agencies, such as the State Department of Environmental Protection and the Town of Andover Zoning Board. Donovan v. Gardner, 50 Mass.App.Ct. 595, 596-97 (2000). Local 182’s statements, in contrast, were never submitted *332 to any body of government and therefore do not fit under this segment of the statutory definition of petitioning activity.
Further, it cannot be said that Local 182’s statements were “reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body, or any other government proceeding,” or “to enlist public participation in an effort to effect such consideration.” Local 182 had already sought and received “consideration or review” of its claims by the NLRB and had settled its dispute though an outside agreement by the parties. The statements at issue were mere descriptions of the resolved unfair labor claims that Local 182 had already brought against LCE. If anything, the statements were likely to raise public awareness about the resolved dispute in which Local 182 was previously involved. The statements raised no new or unresolved issues regarding LCE’s labor practices and therefore were not likely to effect any further consideration by any body of government.
Lastly, the statements made by Local 182 on which LCE bases its defamation suit do not fall within any other aspect of “the constitutional protection of the right to petition government.” Again, the statements were not submitted to any government body, and describe only issues which had already been reviewed by a government body and had subsequently been resolved. Since Local 182 has failed to show that the statements which form the basis of the defamation claim against it constitute petitioning activity within the meaning of G.L.c. 231, 59H, Local 182’s special motion to dismiss must be denied.
Order
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss the complaint pursuant to G.L.c. 231, 59H is DENIED.

 As noted above, in order for a motion to dismiss pursuant to G.L.c. 231, 59H to be granted, the moving party must first demonstrate that the activity on which the claims against it are based is “petitioning activity” within the meaning of the statute, and that the claims against it have no substantial basis other than or in addition to the petitioning activity. If the moving party fails to make either showing, the motion to dismiss must be denied. If both showings are properly made, the motion must still be denied if the non-moving party demonstrates both that the movant's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and that the movant’s acts caused actual injury to the non-moving party. G.L.c. 231, 59H. Since Local 182 is unable to make the initial required showing that its statements constitute “petitioning activity,” it is unnecessary for the court to consider whether the additionál showings were made.

The complaint issued by the NLRB is divided into twenty-one separate sections but does not include twenty-one separate charges. Most sections contain only statements of fact and do not include charges involving LCE labor activities.